PALMER, J.
Dorothy Chase and Sandra Horn, residents of Interlachen Lakes Estates, appeal the final judgment of the trial court holding unenforceable, as ambiguous and contradictory, a restrictive covenant purporting to restrict their use of real property and denying their claim to enforce the covenant through the issuance of injunc-tive relief. Concluding that the covenant is enforceable, we reverse the final judgment in that regard. Concluding that the terms of the restrictive covenant do not allow access to the property by the general public, we affirm the portion of the final judgment finding in favor of the property owners on their counterclaims for trespass and ejectment.
In 1974, Interlachen Lakes Estates deeded the subject property to the Town of Interlachen to be used solely for recreational purposes. The Town of Interla-chen held title to the subject property for several years but, upon deciding that it no longer wanted to maintain the property, the town eventually executed a quitclaim deed returning ownership of the property to Interlachen Lakes Estates.
After receiving ownership of the property, Interlachen Lakes Estates recorded a special warranty deed which conveyed the property to itself subject to the following restriction, which is the restrictive covenant giving rise to the instant litigation:
The Real Property may be used for open space, outdoor recreation and park purposes and no other purposes whatsoever. Title to the Real Property is subject to any and all private or public rights of use or access as may have arisen as a result of designations on the recorded plat or other representations that the Real Property is a park site.
Thereafter, Interlachen Lakes Estates executed a quit claim deed transferring ownership of the property to Lake Property Investment Group. In turn, Lake Property Investment Group executed a quitclaim deed conveying ownership of the property to Robert and Marion Mullen. Upon taking ownership of the property, the Mullens posted trespass warning signs and erected posts and barriers to keep the public off of the property.
Chase and Horn, homeowners in Inter-lachen Lakes Estates, filed suit against the Mullens seeking an injunction to enforce the restrictive covenant set forth in their warranty deed. The Mullens answered the complaint and filed a counterclaim for trespass and ejectment. The case proceeded to a non-jury trial. Upon-review of the evidence, the trial court found the language of the restrictive covenant to be “ambiguous, contradictory and inapposite,” and further held that since restrictive covenants are to be strictly construed in favor of the free and unrestricted use of real property, the Mullens have the right to use their property for whatever purpose they see fit. Chase and Horn appeal this ruling.
Specifically, Chase and Horn argue that the trial court incorrectly found the language of the restrictive covenant to be ambiguous and that the trial court’s interpretation fails to give the restrictive covenant its plain and ordinary meaning. We agree.
The first sentence of the restrictive clause clearly articulates that the property is to be used only for open space, outdoor recreation, and park purposes. The second sentence of the restrictive clause has no application in this case since all parties agree there were no “private or public rights arising as a result of designations on the recorded plat or other representation *419 that the real property is a park site.” Therefore, only the first sentence of the restrictive clause is of any force or effect. The first sentence, standing alone, is neither ambiguous nor contradictory. As such, the covenant is enforceable.
Accordingly, the final judgment of the trial court which provided that the Mullens could use their real property for any purpose is reversed. We note, however, that the restrictive covenant does not require the property to be open to the public or used for public purposes. Rather, it limits the property to three possible uses by its owner: open space, outdoor recreation, and park purposes. Thus, so long as the Mullens do not use the property for any purposes other than the three designated purposes, no violation of the restrictive covenant occurs.
AFFIRMED in part, REVERSED in part.
PLEUS, C.J., and SAWAYA, J., concurs.